[Cite as *Herb v. Herb*, 2012-Ohio-854.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| RANDI M. HERB | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00071 |
| STEVE HERB | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Licking County Court
of Common Pleas, Domestic Relations
Divisions, Case No. 10DR00370RPW

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 1, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KAREN H. WENTWORTH                    RAYMOND L. EICHENBERGER
51 N. 3rd Street, Suite 401                    7620 Slate Ridge Blvd.
PO Box4805                    Reynoldsburg, OH 43068
Newark OH 43055

*Gwin, J.*

{1} Defendant-appellant Steve Herb appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which granted a divorce to appellant and plaintiff-appellee Randi M. Herb, divided the marital assets and debts, and established parental rights and obligations for the parties' two minor children. Appellant assigns four errors to the trial court:

{2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY: 1) FAILING TO ADOPT THE PROPOSED SHARED PARENTING PLAN OF DEFENDANT STEVE HERB AND 2) CONDITIONING THE PARENTING TIME OF DEFENDANT STEVE HERB WITH HIS MINOR TEENAGE CHILDREN BASED ON THE DESIRES OF THE CHILDREN.

{3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN AWARDING ATTORNEY'S FEES TO BE PAID BY DEFENDANT STEVE HERB. THE DEFENDANT WAS AND IS RECEIVING UNEMPLOYMENT COMPENSATION BENEFITS AND HAS NO FINANCIAL MEANS FROM WHICH TO PAY SUCH AN EXORBITANT AWARD.

{4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO INCLUDE IN THE DIVORCE DECREE JUDGMENT ENTRY A DIVISION OF ALL OF THE DEBT OF THE PARTIES-DEBT TESTIFIED TO BY DEFENDANT STEVE HERB WAS NOT SPECIFICALLY ALLOCATED IN THE COURT'S DIVISION OF DEBT.

{5} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION DIVIDING THE MARITAL TANGIBLE PROPERTY (HOUSEHOLD

GOODS AND FURNISHINGS) AFTER THE PARTIES HAD ALREADY AGREED TO THE DIVISION OF SAID PROPERTY AND BY ORDERING THE DIVISION AND REIMBURSEMENT OF THE VALUE OF THE PIANO, WHICH WAS CLEARLY PRE-MARITAL PROPERTY OWNED BY DEFENDANT STEVE HERB."

{6} For the reasons that follow, we find none of these assignments of error are well taken, and we affirm the judgment of the trial court.

{7} The trial court found the parties were married in 1982, and had six children, two of whom were minors. The daughter was sixteen at the time of the final hearing and the son was fifteen. The trial court's judgment decree of divorce is twenty pages long plus the child support computation worksheet.

{8} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see *Booth v. Booth*, 44 Ohio St. 3d 142, 541 N.E.2d 1028 (1989). The Supreme Court made the abuse of discretion standard applicable to alimony orders in *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 450 N.E.2d 1140 (1983); to property divisions in *Martin v. Martin*, 18 Ohio St. 3d 292, 480 N.E.2d 1112 (1985); to custody proceedings in *Miller v. Miller*, 37 Ohio St. 3d 71, 523 N.E.2d 846 (1988); and to decisions calculating child support, see *Dunbar v. Dunbar,* 68 Ohio St 3d 369, 533-534, 1994-Ohio-509, 627 N.E.2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, *Blakemore,* supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, *Pons v. Ohio State Med. Board,* 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748.

I.

{9}  In his first assignment of error, appellant argues the trial court should have ordered shared parenting rather than naming appellee the residential parent of the two children. Appellant does not contest the court's order for him to have parenting time pursuant to Loc. R. 19, comprising one weekday evening per week and alternate weekends.  Appellant argues, however, the court erred in finding the overnight portions of appellant's companionship time would be at the discretion of the children.

{10}  The trial court property cited R.C. 3109.04 (F)(1) as the statute setting forth the factors a court must consider when determining the best interest of the child when it allocates parental rights and responsibilities.  The court made findings as to each factor. With regard to the factor (a), the wishes of the parents, the court found appellee wished to be the residential parent and legal custodian while appellant sought equal time shared parenting.  With regard to factor (b), the court found it interviewed the teenage children in chambers and took the children's wishes into account.

{11}  With regard to factor (c), the child's interaction and interrelation with the parents, siblings, and any other persons, the court found the children have a close relationship with appellee and their older siblings, and their relationship with the appellant is good but currently strained because in part of the divorce litigation.  As to factor (d), the child's adjustment to the child's home, school and community, the court found the children had an excellent adjustment to their home with appellee, their school, and their community.  The court noted both parties reside in the school district where the children attend.

**{12}** As to factor (e), the mental and physical health of all persons involved, the court found there was no credible evidence presented that either party or the children have any physical or mental issues. As to (f), regarding which parent was more likely to honor and facilitate the court-approved parenting time, rights or companionship rights, the court found appellee had not interfered with appellant's companionship time, neither actively discouraging nor encouraging the children to spend time with appellant. Regarding (g) whether either parent had failed to make any child support payments, the court found appellant was in arrears of his temporary child support obligation.

**{13}** The court found there was no evidence presented regarding factor (h), which has to do with physical abuse, neglect, and sexual abuse. (i) factor deals with whether one of the parents was continuously and willfully denied the parents right to parenting time, the court again found appellee had not willfully denied appellant his parenting time. Regarding (j), whether either parent had established a residence or was planning to establish a residence outside the state, the court found no evidence was presented that either parent intended to move from the state.

**{14}** In rejecting appellant's shared-parenting proposal, the court correctly cited R.C. 3119.23 as setting forth the factors, and again the court made findings as to each. Regarding (a), the ability of the parents to cooperate and make joint decisions, with respect to the children, the court found the parents had demonstrated no ability to cooperate, communicate or make joint decisions. As to factor (b), the ability of each parent to encourage love, affection and contact between the child and the other parent, the court reiterated there was no credible evidence that appellee neither encouraged nor discouraged the children's relationship with appellant. Factor (c) refers to history or

potential for child abuse, spouse abuse, domestic violence, and parental kidnapping; the court found there was no credible evidence appellee was abusive, but there was evidence appellant had been physically abusive to one of the emancipated daughters and to appellee. Factor (d) refers to the geographic proximity of the parents to one another as a practical consideration of shared parenting. The court found the parties lived in close proximity to one another. As to factor (e), the recommendation of the guardian ad litem, the court found there had been no guardian ad litem appointed.

{15} Having considered the governing statutes and making meticulous findings, the court concluded that appellee should be the residential parent, with appellant enjoying standard visitation as cited supra. The court found the overnight time on the weekends would be at the discretion of the children because of their age. The court found both children are actively involved in normal teenage extracurricular activities, which may reduce the amount of time they spend with appellant. The court found both children are of sufficient maturity to have input into companionship time, and the court advised all parties and the children that the contentious atmosphere during the divorce has had an impact on appellant's time with the minor children. The court encouraged everyone to work towards reestablishing the children's relationship with appellant.

{16} The court cited R.C. 3109.05 as containing the factors which govern the granting of companionship time. The court found in addition to its previous findings, supra, that appellee worked fairly standard hours, including some evenings and weekends. Appellant worked from home. The court found the children are busy on weekdays, weeknights, and weekends with school work, extracurricular activities, jobs

and social schedules. The court also noted the children are healthy and safe in both parties' care.

{17} Appellant argues appellee was guilty of marital fault, and should not have been given full custodial rights. He argues evidence presented at trial showed appellee exercised poor judgment by exposing the children to her relationship with another man.

{18} Appellant cites us to *Eddy v. Eddy,* 7th Dist. No. 10-HA-05, 2011-Ohio 4315, where the court of appeals for Harrison County found a court does not err in ordering a shared-parenting plan if it finds it is in the child's best interest, even if the trial court finds communication between the parties is less than acceptable or appropriate, because it was essential to the child's well being that the parties establish suitable communication. The child in question was approximately two years old at the time.

{19} Nothing in the *Eddy* case demonstrates the trial court here failed to further the best interest of these children by refusing to order shared parenting. In *Haynes v. Haynes,* 5th Dist. App. No. C2010-CA-01, 2010-Ohio-5801, this court found a court does not err in rejecting a shared-parenting plan where the parents do not argue or fight but have little communication and cooperation with regard to the children. *Haynes* at paragraph 43.

{20} We have reviewed the record, and we find there was sufficient, competent and credible evidence presented from which the court could allocate parental rights and responsibilities, and could establish appellant's parenting time, in the way in which it did.

{21} The first assignment of error is overruled.

II.

**{22}** In his second assignment of error, appellant argues the court erred as a matter of law and abused its discretion in ordering appellant to pay $10,000 to appellee for attorney fees. Appellant argues the court found he was not voluntarily unemployed, and was receiving unemployment compensation benefits. Appellant cites *Trott v. Trott,* 10th App. Dist. No. 01AP-852, 2002-Ohio- 1077 as authority for the proposition that in order to award attorney fees, the court must find the fees are reasonable and necessary to protect one of the parties' interests, and that the other party has the ability to pay. *Trott* at 2.

**{23}** It is within the sound discretion of the trial court to award attorney fees in a divorce action. *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985). A decision to award attorney fees will be reversed only upon a showing of an abuse of that discretion.

**{24}** The trial court properly cited R.C. 3105.73 as containing the factors governing the award of attorney fees. The court found appellant violated court orders regarding child support and maintenance of health insurance, and sold certain property in violation of a restraining order. The court found appellant's inappropriate behavior resulted in a civil protection order against him on behalf of appellee's boyfriend. The court found after the marital home was foreclosed upon, appellant moved across the street from appellee and harassed her to the extent that she had to move again. The court found appellant had represented himself and driven up the legal fees by filing numerous procedurally deficient and meritless motions, and found appellant had behaved disrespectfully towards appellee as evidenced by venomous e-mails he had

directed towards her. The court admonished him on at least one occasion during the trial, because his conduct was "borderline contemptuous". The court found the award of attorney fees was reasonable and appropriate under the facts and circumstances of the case.

{25} The trial court apparently considered appellant's financial situation, because it ordered appellant either to pay the full amount within ninety days of the decree, or make equal consecutive monthly payments of $250 per month to appellee until the balance was paid.

{26} We find the record contains evidence which supports the trial court's award of attorney fees. Accordingly, the second assignment of error is overruled.

III.

{27} In his third assignment of error, appellant argues the court erred as a matter of law and abused its discretion in fashioning the property division. The court awarded the parties their respective retirement and employment benefits, and awarded them the personal property already in their possession. The court also divided certain other property, and awarded appellee one-half of the proceeds appellant had received from the items he had sold in defiance of the restraining order. The court found the parties had stipulated as to the various vehicles, and listed six major debts to be paid half by appellant and half by appellee. The court also found any items not specifically mentioned should be paid by whichever party had incurred the debt. The court expressly found the division of property was equitable.

{28} Appellant asserts he prepared an exhibit listing eleven marital debts, and the court did not address those debts individually. Appellee responds the debts on the

exhibit are all in appellant's name, and at least most appear to have been incurred in pursuant of appellant's employment. Appellant produced no bills or account statements to support his claims, and did not identify the exact balances. Appellee also asserts three mortgages are listed, but the subject properties have been foreclosed upon and sold.

{29} Our review of the record leads us to conclude the trial court did not abuse its discretion in the manner in which it allocated the marital debt. Although it did not list each individual debt, the order disposes of all and the court expressly found the division to be equitable.

{30} The third assignment of error is overruled.

IV.

{31} Appellant's fourth assignment of error challenges the court's division of the personal property of the parties, especially his piano, which he asserts was clearly pre-marital property. Appellant argues the parties had divided the personal property during the pendency of the case, and the court should not have modified it. Appellee testified she had made attempts to collect her belongings, but appellant interfered, and at one point, she had to have a police escort. She testified she was not given the opportunity to obtain certain items from the marital residence, and appellant had sold some marital property contrary to the court's order.

{32} The Supreme Court has directed us not engage in piecemeal appeals, regarding specific items or categories of property. "The appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which,

viewed in its entirety, was an abuse of discretion." *Briganti v. Briganti*, 9 Ohio St.3d 220, 222, 459 N.E.2d 896 (1984).

**{33}** The court may make a division of separate property if it finds it is equitable to do so. R.C. 3105.171. The court specifically found it was awarding appellee half the proceeds of the sale of the foosball table, ping pong table, and piano, because appellant had sold the items in violation of the temporary restraining order.

**{34}** We find the record fully supports the trial court's property division, and accordingly, the fourth assignment of error is overruled.

**{35}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

WSG:clw 0126

[Cite as *Herb v. Herb*, 2012-Ohio-854.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RANDI M. HERB | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVE HERB | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00071 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS